IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA; CARMEN FEBO SAN MIGUEL; JAMES SOLOMON; JOHN GREINER; JOHN CAPOWSKI; GRETCHEN BRANDT; THOMAS RENTSCHLER; MARY ELIZABETH LAWN; LISA ISAACS; DON LANCASTER; JORDI COMAS; ROBERT SMITH; WILLIAM MARX, RICHARD MANTELL; PRISCILLA MCNULTY; THOMAS ULRICH; ROBERT MCKINSTRY; MARK LICHTY; LORRAINE PETROSKY;<br>    *Plaintiffs*,<br>v.<br><br>THE COMMONWEALTH OF PENNSYLVANIA; THE PENNSYLVANIA GENERAL ASSEMBLY; THOMAS W. WOLF, IN HIS CAPACITY AS GOVERNOR OF PENNSYLVANIA; MICHAEL J. STACK III, IN HIS CAPACITY AS LIEUTENANT GOVERNOR OF PENNSYLVANIA AND PRESIDENT OF THE PENNSYLVANIA SENATE; MICHAEL C. TURZAI, IN HIS CAPACITY AS SPEAKER OF THE PENNSYLVANIA HOUSE OF REPRESENTATIVES; JOSEPH B. SCARNATI III, IN HIS CAPACITY AS PENNSYLVANIA SENATE PRESIDENT PRO TEMPORE; ROBERT TORRES, IN HIS CAPACITY AS ACTING SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA; JONATHAN M. MARKS, IN HIS CAPACITY AS COMMISSIONER OF THE BUREAU OF COMMISSIONS, ELECTIONS, AND LEGISLATION OF THE PENNSYLVANIA DEPARTMENT OF STATE;<br>    *Defendants*. | No. _____ |

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:

Defendant Joseph B. Scarnati III, in his capacity as Pennsylvania Senate President Pro Tempore ("Senator Scarnati"), by his respective undersigned counsel and reserving all defenses

and objections, hereby gives notice under 28 U.S.C. §§ 1441 and 1446 of the removal to the United States District Court for the Eastern District of Pennsylvania of the above-captioned action pending against him in the Supreme Court of Pennsylvania. In support of this removal, Senator Scarnati states as follows:

I.      **PROCEDURAL HISTORY AND PLAINTIFFS' ALLEGATIONS**

1. On June 15, 2017, Plaintiffs commenced an action in the Commonwealth Court of Pennsylvania by filing a Petition for Review (Exhibit A), docketed at 261 MD 2017.

2. In the Petition, Plaintiffs alleged that the congressional redistricting plan drafted and adopted by General Assembly and other Defendants in 2011 violated the Pennsylvania Constitution. By way of relief, Plaintiffs request, *inter alia*, that those districts be struck down and redrawn.

3. On October 11, 2017—while the Petition was still pending in the Commonwealth Court—Plaintiffs filed an Application for Extraordinary Relief with the Pennsylvania Supreme Court ("the Application") (Exhibit B), docketed at 159 MM 2017, asking the Court to assume plenary jurisdiction over the Commonwealth Court matter.

4. After Plaintiffs filed the Application, but before the Pennsylvania Supreme Court acted on it, on October 21, 2017, the Honorable Tim Murphy resigned his seat in Congress as the Representative of the 18th Congressional District in Pennsylvania.

5. Rep. Murphy's resignation created a vacancy in Pennsylvania's U.S. congressional representation.

6. In consequence, on October 23, 2017, under his mandate under the United States Constitution, the United States Code, and Pennsylvania law, *see* U.S. Const. art. I, § 2, cl. 4; 2 U.S.C. § 8(a); 25 P.S. § 2777, Pennsylvania Governor Thomas Wolf issued a Writ of Election

setting a special election for March 13, 2018 to fill the vacancy created in the 18th Congressional District (Exhibit C).[1]

7.　On November 9, 2017, the Supreme Court of Pennsylvania issued an Order (the "Order") (Exhibit D) granting the Application, assuming plenary jurisdiction over the matters set forth in the Application, and directing the President Judge of the Commonwealth Court of Pennsylvania to designate a judge of that court to administer the case "[u]nder the continuing supervision" of the Supreme Court's plenary jurisdiction.

8.　The Order further instructed the Commonwealth Court to expedite the matter and have the specially-designated judge file findings of facts and conclusions of law with the Prothonotary of the Supreme Court of Pennsylvania no later than December 31, 2017.

9.　As of the date of this filing, no party has yet filed an answer to the Petition for Review.

---

[1] "When vacancies happen in the Representation from any State, the Executive Authority thereof shall issue Writs of Election to fill such Vacancies." U.S. Const. art. I, § 2, cl. 4.
  "Except as provided in subsection (b), the time for holding elections in any State, District, or Territory for a Representative or Delegate to fill a vacancy, whether such vacancy is caused by a failure to elect at the time prescribed by law, or by the death, resignation, or incapacity of a person elected, may be prescribed by the laws of the several States and Territories respectively." 2 U.S.C. § 8(a).
  "Whenever a vacancy shall occur or exist in the office of Representative in Congress from this State during a session of Congress, or whenever such vacancy shall occur or exist at a time when the members of Congress shall be required to meet at any time previous to the next general election, the Governor shall issue, within ten days after the happening of said vacancy, or after the calling of an extraordinary session of Congress during the existence of said vacancy, a writ of election to the proper county board or boards of election and to the Secretary of the Commonwealth, for a special election to fill said vacancy, which election shall be held on a date named in said writ, which shall not be less than sixty (60) days after the issuance of said writ. In all other cases no such special election to fill said vacancy shall be held. The Governor may fix, in such writ of election, the date of the next ensuing primary or municipal election as the date for holding any such special election." 25 P.S. § 2777.

## II. JURISDICTION

10. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

12. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

13. Article I, Section 2 of the United States Constitution provides that "[w]hen vacancies happen in the Representation from any State, the Executive Authority thereof shall issue Writs of Election to fill such Vacancies." U.S. Const. art. I, § 2, cl. 4.

14. This provision of the United States Constitution has been interpreted as a constitutional mandate that requires the relevant governor to timely issue such a writ. *See Jackson v. Ogilvie*, 426 F.2d 1333, 1336-37 (7th Cir. 1970).

15. Additionally, the United States Code sets forth guidelines on filling vacancies in Congress, incorporating directives of state law. *See* 2 U.S.C. § 8(a); *see also* 25 P.S. § 2777.

16. The mandate of Article I, Section 2 was completed by Governor Wolf on October 23, 2017 with the filing of his Writ of Election to fill the vacated seat in Congress for the 18th Congressional District.

17. In consequence, an election is already *in progress* to fill the 18th Congressional seat; indeed, over the weekend, Pennsylvania Republicans picked State Representative Rick Saccone to stand as the Republican nominee for the March 13, 2018 special election.

18. Because the special election currently underway to fill the vacancy created in the 18th Congressional District was set in accordance with the dictates of Article I, Section 2 of the United States Constitution as well as the United States Code, the relief Plaintiffs seek cannot be granted without resolving a substantial question of federal law. That question, specifically, is whether a state court under state law can strike down a Federal congressional district in which a state "Executive Authority" has, by Federal constitutional writ and federal law, already mandated and set a special election.

19. Based on the expedited deadline set by the Pennsylvania Supreme Court with the Order (demanding that findings of fact and conclusions of law be submitted by the Commonwealth Court by December 31, 2017), resolution of the pending state court matter will necessarily require resolution of the substantial federal question stated above, since resolution of the matter will seemingly occur before the March 2018 special election set by the Governor's constitutional writ.

20. Under 28 U.S.C. § 1446, if a case is not removable at its inception, but a subsequent "pleading, motion, order or other paper" has the effect of bringing the action within the ambit of federal jurisdiction, removal may be filed within 30 days after receipt of such pleading, motion, order or other paper. 28 U.S.C. § 1446(b)(3).

21. Here, the Writ of Election issued by Governor Wolf on October 23, 2017 is an "order or other paper" as contemplated by 28 U.S.C. § 1446 that, for the first time, introduced a new, central federal question squarely into this matter, as set forth above. Moreover, the November 9, 2017 Order of the Pennsylvania Supreme Court makes clear that the substantial

federal question now involved must be addressed before the pending state court matter can be resolved.[2] This dynamic, for the first time, created federal question jurisdiction.

22. This Notice of Removal is filed within 30 days of the "order or other paper" and, accordingly, this removal is timely. *See* 28 U.S.C. § 1446.

### III. OTHER PROCEDURAL REQUIREMENTS

23. This Notice meets all of the other procedural requirements of 28 U.S.C. § 1446.

24. *First*, under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been "properly" joined and served must consent to a removal; as of the date of this Notice, Senator Scarnati has the consent of Defendants the General Assembly of Pennsylvania and State Representative Michael C. Turzai, in his capacity as Speaker of the Pennsylvania House of Representatives (collectively, "the General Assembly Defendants").

25. Upon information and belief, the General Assembly Defendants will be filing written notice of their consent to removal with the Court in the coming days.

26. The consent required under 28 U.S.C. § 1446(b) does *not* require the consent of *every* defendant, *see generally* 28 U.S.C. § 1446(b)(2)(A) (requiring only consent of defendants "properly" joined), and, as such, does not require the consent of so-called "nominal defendants." Nominal defendants include those "against whom no real relief is sought." *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002). Furthermore, "[p]arties are not 'real' when they are joined 'only as the designated performer of a ministerial act,' or have no

---

[2] Furthermore, the expedited deadline set by the Pennsylvania Supreme Court coupled with the expedited deadline already established by this Court in one of the two pending related claims, challenging Pennsylvania's 2011 congressional districts, *see Agre v. Wolf*, 17-CV-4392, creates the real possibility of a due process violation by compelling the same parties in multiple matters to resolve the same substantial federal issues in a compressed fashion.

'control of, impact on, or stake in the controversy.'" *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 130 (D.D.C. 2013) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92, (2005))).

27. Against the foregoing, the consent of the Commonwealth of Pennsylvania, Governor Wolf, Lieutenant Governor Michael Stack, Acting Secretary of the Commonwealth Robert Torres, and Commissioner of the Bureau of Commissions, Elections, and Legislation Jonathan Marks is not required, as they are nominal parties against whom no real relief is sought.

28. *Second*, because Plaintiffs filed the Application in the Pennsylvania Supreme Court's middle district, which encompasses the counties set forth in the margin,[3] this case is being appropriately removed to the United States District Court for the Eastern District of Pennsylvania since this is a federal district encompassing the division within which the state court matter is pending. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Senator Scarnati hereby removes this action from the Supreme Court of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §§ 1441 and 1446.

---

[3] Counties included in the Pennsylvania Supreme Court's middle district are: Adams, Berks, Bradford, Bucks, Carbon, Centre, Chester, Clinton, Columbia, Cumberland, Dauphin, Delaware, Franklin, Fulton, Huntingdon, Juniata, Lackawanna, Lancaster, Lebanon, Lehigh, Luzerne, Lycoming, Mifflin, Montgomery, Montour, Monroe, Northampton, Northumberland, Perry, Pike, Schuylkill, Snyder, Sullivan, Susquehanna, Tioga, Union, Wayne, Wyoming, York. *See* County Map by Regions, United Judicial System of Pennsylvania, *available at*: http://www.pacourts.us/assets/files/setting-3563/file-3267.pdf?cb=20710f.

Respectfully submitted,

Dated: November 14, 2017

_____
Matthew H. Haverstick, Esquire
Mark E. Seiberling, Esquire
KLEINBARD LLC
1650 Market Street
One Liberty Square, 46th Floor
Philadelphia, PA 19103
215.568.2000

Joshua J. Voss, Esquire
KLEINBARD LLC
115 State Street, 2nd Floor
Harrisburg, PA 17101
717.836.7492
*Attorneys for Senator Joseph B. Scarnati III*