## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| LEAGUE OF WOMEN VOTERS, OF PENNSYLVANIA, et al., | ) ) ) ) | No. 2:17-cv-05137-MMB |
| Plaintiffs, | ) ) | Honorable Michael M. Baylson |
| v. | ) ) |  |
| THE COMMONWEALTH OF PENNSYLVANIA, et al., | ) ) ) |  |
| Defendants. | ) |  |

## PLAINTIFFS' MOTION FOR FEES AND COSTS

Mary M. McKenzie
Michael Churchill
Benjamin D. Geffen
PUBLIC INTEREST LAW CENTER
1709 Benjamin Franklin Parkway, 2nd Floor
Philadelphia, PA 190103
(215) 627-7100 (telephone)
(215) 627.3183 (fax)
mmckenzie@pubintlaw.org

David P. Gersch  (admitted *pro hac vice*)
R. Stanton Jones (admitted *pro hac vice*)
Elisabeth S. Theodore (admitted *pro hac vice*)
Daniel Jacobson (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 954-5000 (telephone)
(202) 942-5999 (fax)
david.gersch@apks.com

*Counsel for Plaintiffs*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

INTRODUCTION ................................................................................................. 1

BACKGROUND .................................................................................................. 3

ARGUMENT ....................................................................................................... 7

I.    Plaintiffs Are Entitled to Attorneys' Fees and Costs Under 28 U.S.C. § 1447(c) .............. 7

    A.    There Was No Objectively Reasonable Basis for Removal ................................ 7

        1.    Scarnati Did Not Obtain Consent of All Properly Joined Defendants ........ 7

        2.    The Notice of Removal Was Obviously Untimely ..................................... 9

        3.    This Court Obviously Lacked Subject Matter Jurisdiction ...................... 11

    B.    The Removal Was Pursued in Bad Faith and Was Prejudicial to Plaintiffs ......... 14

    C.    Accounting of Fees and Costs ............................................................. 16

II.   Sanctions Are Warranted Under Rule 11 and the Court's Inherent Authority ................. 18

CONCLUSION .................................................................................................... 20

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A Forever Recovery, Inc. v. Township of Pennfield*,
  606 F. App'x 279 (6th Cir. 2015) ............................................................14

*Adolph Coors Co. v. Truck Ins. Exchange*,
  383 F. Supp. 2d 93 (D.D.C. 2005) ....................................................16, 18

*Ali v. DLG Dev. Corp.*,
  No. CV 17-1537, 2017 WL 4776754 (E.D. Pa. Oct. 23, 2017)................11

*Baldus v. Members of the Wis. Gov't Accountability Bd.*,
  843 F. Supp. 2d 955 (E.D. Wis. 2017)...................................................20

*Dietz v. Avco Corp.*,
  168 F. Supp. 3d 747, 759 (E.D. Pa. 2016) ...............................................8

*Garbie v. DaimlerChrysler Corp.*,
  211 F.3d 407 (7th Cir. 2000) ..................................................................14

*In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
  55 F.3d 768 (3d Cir. 1995)......................................................................16

*Gibson v. Clean Harbors Env. Servs. Inc.*,
  840 F.3d 515 (8th Cir. 2016) ..................................................................10

*Gov't Emps. Ins. Co. v. Nealey*,
  No. 17-807, 2017 WL 2572519 (E.D. Pa. June 13, 2017)................18, 19

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*,
  545 U.S. 308 (2005)..........................................................................12, 13

*Gunn v. Minton*,
  568 U.S. 251 (2013)....................................................................12, 13, 14

*Hammer v. Scott*,
  No. 04-2243, 2005 WL 1414395 (3d Cir. June 17, 2005) ........................7

*Hernandez v. Kalinowski*,
  146 F.3d 196 (3d Cir. 1998) ...................................................................17

*HSBC Bank USA, N.A. v. Ruffolo*,
  No. 15-2891, 2015 WL 9460560 (D.N.J. Dec. 23, 2015)......................................................14

*Local Union No. 1992 of the Int'l Brotherhood of Elec. Workers v. Okonite Co.*,
  358 F.3d 278 (3d Cir. 2004)......................................................................................................16

*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005)......................................................................................................................7

*McCormick v. Excel Corp.*,
  413 F. Supp. 2d 967 (E.D. Wis. 2006)......................................................................................10

*Merrell Dow Pharm. Inc. v. Thompson*,
  478 U.S. 804 (1986)...............................................................................................................11, 12

*Mints v. Educ. Testing Serv.*,
  99 F.3d 1253 (3d Cir. 1996)...........................................................................................7, 11, 14

*N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J.*,
  760 F.3d 297 (3d Cir. 2014)......................................................................................................12

*Neshaminy Mall v. Sports Favorites, Inc.*,
  No. 07-4789, 2008 WL 2019126 (E.D. Pa. May 8, 2008)......................................................11

*Pennsylvania v. Tap Pharm. Prods., Inc.*,
  415 F. Supp. 2d 516 (E.D. Pa. 2005) .......................................................................................10

*Pensiero, Inc. v. Lingle*,
  847 F.2d 90 (3d Cir. 1988).........................................................................................................19

*Regional Emp'rs Assurance Leagues Voluntary Emps. Beneficiary Ass'n Trust v. Castellano*,
  164 F. Supp. 3d 705, 713 (E.D. Pa. 2016) ..............................................................................16

*Romulus v. CVS Pharmacy, Inc.*,
  770 F.3d 67 (1st Cir. 2014)........................................................................................................10

*Shrader v. Legg Mason Wood Walker, Inc.*,
  880 F. Supp. 366 (E.D. Pa. 1995) .........................................................................................9, 14

*Waldner v. Shulman*,
  No. 86-7381, 1989 WL 100184 (E.D. Pa. Aug. 28, 1989) ....................................................16

*Wolfington v. Reconstructive Orthopaedic Associates II, P.C.*,
  No. 16-4935, 2017 WL 4349242 (E.D. Pa. Sept. 29, 2017) .................................................19

*Zawatsky v. Jeddo Stars Athletic Ass'n*,
  No. 3:17-CV-0621, 2017 WL 4778541 (M.D. Pa. Oct. 23, 2017) ........................................11

**Constitutional Provisions**

U.S. Const. art. I, § 2.....................................................................................................12, 13

**Statutes**

28 U.S.C.
    § 1331.....................................................................................................................11
    § 1441.......................................................................................................................5
    § 1446(b)(2)(A).......................................................................................................7
    § 1446(b)(2)(B)....................................................................................................1, 9
    § 1446(b)(2)(C).......................................................................................................1
    § 1446(b)(3)...........................................................................................................10
    § 1447(c)......................................................................................................... *passim*
    § 1450.......................................................................................................................4

**Other Authorities**

14C Fed. Prac. & Proc. Juris. § 3731 (4th ed.) ......................................................10

Fed. R. Civ. P. 11(b)...............................................................................................18

Fed. R. Civ. P. 11(c)(1)...........................................................................................18

Fed. R. Civ. P. 11(c)(2)...........................................................................................18

## INTRODUCTION

On November 14, in the midst of expedited pre-trial proceedings for a trial set to begin December 11 in Pennsylvania state court, Senator Scarnati removed this case.  Let there be no mistake:  the notice of removal was frivolous.  On its face, Scarnati had not obtained the consent of all properly joined defendants as required by 28 U.S.C. § 1446(b)(2)(C).  He filed the notice more than three months after the 30-day deadline to remove under § 1446(b)(2)(B).  And the notice did not and could not identify any non-frivolous basis for federal jurisdiction over Plaintiffs' exclusively state-law claims.  Making matters worse, Scarnati's co-defendant, Speaker Turzai, now claims the notice of removal was predicated on a material "false representation."

Scarnati's improper motive for pursuing such a frivolous removal was obvious:  to delay and derail the expedited schedule ordered by the Pennsylvania Supreme Court.  Because a notice of removal automatically divests the state court of jurisdiction, even a frivolous removal like this one allows a litigant the opportunity to throw a wrench in expedited state court proceedings.  In this regard, Scarnati's gambit had some success.  In light of the removal, the state court canceled a previously scheduled pre-trial conference, and Scarnati and Turzai were permitted to ignore a state court deadline to file a brief on their assertions of legislative and other purported privileges.

Beyond its objective frivolity and subjective bad faith, Scarnati's removal was prejudicial to Plaintiffs.  Because the removal threatened to derail the December 11 trial in state court, Plaintiffs' counsel had no choice but to drop everything and work around the clock to prepare an emergency motion to remand, which they filed barely twelve hours after first learning of the removal.  Some of Plaintiffs' counsel then traveled from Washington, D.C. to Philadelphia for an emergency hearing before this Court.  Further delay was avoided only by this Court's alacrity in reviewing the parties' submissions and scheduling the emergency hearing.

What happened next is almost beyond belief.  Less than 30 minutes before the emergency hearing, Scarnati moved to withdraw his notice of removal and remand the case on the ground that Turzai had initially consented to the removal, but then notified Scarnati's counsel that he no longer consented.  This Court promptly remanded the case to state court, where it belongs.

But it gets even worse.  After this Court's remand order, Speaker Turzai accused Scarnati of making "false representations"—in both the notice of removal and the motion to withdraw it—that Turzai had consented.  According to Turzai, he *never* consented to this removal.

There's even more.  Just yesterday Scarnati's counsel sent Plaintiffs' counsel a letter and sworn affidavit accusing *Turzai* of being the one making the "'false' allegation."  It is remarkable that the Speaker of the Pennsylvania House and the President Pro Tempore of the Pennsylvania Senate are accusing each other of lying to a federal court.  It is even more remarkable given that they are represented by the same counsel in the state court in this case.

Equally remarkable, Scarnati and Turzai jointly asked this Court to abstain from hearing the federal gerrymandering case in favor of this state court case (*Agre v. Wolf*, ECF No. 45-2), and they right now are asking the U.S. Supreme Court to issue a writ of mandamus *ordering* this Court to abstain.  Yet while asking the Supreme Court to mandate this Court's abstention in favor of the state court case, Scarnati attempted to remove the same state court case *to this Court*.  Scarnati has offered no explanation for this bizarre behavior, and it seems clear that at least Scarnati (and possibly Turzai) simply wanted to stall the proceedings in state court.

This Court should not countenance Scarnati's vexatious tactics.  For the reasons set forth below, the Court should award fees and costs to Plaintiffs in the amount of $52,736.52 under 28 U.S.C. § 1447(c).  Additionally, though the Court need not reach the issue, sanctions also are warranted under Federal Rule of Civil Procedure 11 and the Court's inherent authority.

## BACKGROUND

Plaintiffs are eighteen Pennsylvania voters, one from each congressional district in the Commonwealth.[1]  They filed this action in the Pennsylvania Commonwealth Court on June 15, 2017.  Their Petition for Review asserts that Act 131, the Pennsylvania statute establishing Pennsylvania's 2011 congressional districting plan (the "2011 Plan"), violates the Pennsylvania Constitution—in particular, its Free Expression and Association Clauses, Art I, §§ 7, 20, Equal Protection guarantees, Art. I, §§ 1 and 26, and Free and Equal Clause, Art. I, § 5.  ECF No. 1-3.

In line with prior redistricting challenges in Pennsylvania state courts, Plaintiffs have named as defendants several legislative parties (including Senator Scarnati and Speaker Turzai) as well as Governor Thomas W. Wolf, Lieutenant Governor Michael J. Stack III, Acting Secretary of the Commonwealth Robert Torres, and Commissioner Jonathan Marks of the Bureau of Commissions, Elections, and Legislation.[2]  Plaintiffs seek an injunction prohibiting Defendants from using the 2011 Plan and requiring them to enact a new plan that comports with the Pennsylvania Constitution.

On October 16, 2017, the Commonwealth Court stayed the case, with the exception of briefing related to assertions of legislative and other purported privileges by the legislative defendants, including Senator Scarnati and Speaker Turzai.  In light of the stay, Plaintiffs asked the Pennsylvania Supreme Court to assume "extraordinary jurisdiction" and implement expedited proceedings to decide this case in time for the May 2018 congressional primaries.

On November 9, 2017, the Pennsylvania Supreme Court granted Plaintiffs' request for extraordinary relief.  ECF No. 1-6 at 67-69.  It vacated the stay and directed the Commonwealth

---

[1] The League of Women Voters of Pennsylvania was originally also a petitioner in the state court action, but the Commonwealth Court dismissed the organization as a party.

[2] The Petition for Review initially named the Commonwealth of Pennsylvania, but the Commonwealth Court dismissed the Commonwealth from the case.

Court to conduct discovery, pre-trial, and trial proceedings, and to submit findings of fact and conclusions of law to the state high court no later than December 31, 2017.

On Monday, November 13, 2017, the Commonwealth Court issued an order scheduling trial to begin December 11 at 9:30 a.m. and a pre-trial conference for November 16 at 1:00 p.m. ECF No. 2-1.  The order confirmed that Defendants' brief regarding their assertions of legislative and other purported privileges was due November 15.

A day later, on November 14, Scarnati removed the case to this Court, despite having no legal or factual basis to do so.  Scarnati served the notice of removal via U.S. mail and did not email Plaintiffs' counsel a courtesy copy (although he apparently did so for Turzai's counsel). Plaintiffs first learned of the removal the following afternoon, when Scarnati notified the Pennsylvania Supreme Court.  The Commonwealth Court appropriately canceled the November 16 pre-trial conference.  Scarnati and Turzai did not file their privilege brief in this Court on November 15 as previously ordered by the state court, despite the fact that existing state court orders remain "in full force and effect" after a removal.  28 U.S.C. § 1450.

As a consequence of Scarnati's baseless removal, Plaintiffs' lawyers were forced to set aside their intensive trial preparation efforts and spend approximately twelve hours preparing the emergency motion to remand that they filed with this Court around 2:30 a.m. on November 16. ECF No. 2.  As Plaintiffs' emergency remand motion explained, Scarnati had not obtained the requisite consent of all properly joined defendants; missed the statutory 30-day deadline to remove by three months; and failed to establish any non-frivolous basis for federal jurisdiction.

Around 9:00 a.m. on November 16, this Court scheduled an emergency hearing on Plaintiffs' motion to remand for 2:00 p.m. the same day.  Plaintiffs' counsel from Arnold & Porter Kaye Scholer LLP immediately got on a train to Philadelphia for the emergency hearing,

where they were joined by Plaintiffs' counsel from the Public Interest Law Center. Before the

hearing, Lieutenant Governor Stack moved for expedited remand, and Governor Wolf indicated

in a filing that Scarnati had not consulted the executive branch defendants before removing the

case, and that the executive branch defendants did not consent. ECF No. 5, 7.

Then, less than 30 minutes before the emergency hearing began, Scarnati filed an

emergency motion to withdraw his notice of removal and remand the case to state court.

According to this motion and a supporting affidavit, Turzai had originally consented to removal,

but just that afternoon Turzai's counsel advised Scarnati's counsel that Turzai "does not now

consent to the notice as filed." ECF No. 9. Scarnati's counsel repeated this representation at the

hearing, stating that the notice of removal "was filed at the time with consent from the parties

whom we believed we needed consent from." ECF No. 22 at 7.

Shortly after the hearing, this Court remanded the case to state court with prejudice and

permitted Plaintiffs to file a motion for fees and costs within 14 days. ECF No. 15.

After the case was remanded, Speaker Turzai filed a response to Senator Scarnati's

motion to withdraw the notice of removal. ECF No. 21. There, Turzai accused Scarnati of

"false[ly] represent[ing]" to this Court that Turzai had consented to the removal pursuant to

28 U.S.C. § 1441. ECF No. 21. Turzai emphasized that "at no point in time did [his] counsel or

anyone else acting on [his] behalf" consent to the removal. *Id.*

Scarnati's alleged false representation about Turzai's consent is all the more puzzling

given that both legislators are represented by the same law firm—Holtzman Vogel Josefiak

Torchinsky PLLC—in state court. Equally strange is the fact that neither that law firm nor the

other firms representing Senator Scarnati and Speaker Turzai in state court signed the notice of

removal.  It was signed instead by Kleinbard LLC, which entered its appearance in state court at the same time the Pennsylvania Supreme Court was notified of removal.

There are also serious questions about Turzai's conduct.  According to Turzai, Scarnati advised Turzai's counsel of the possibility of removal on November 13 and emailed Turzai's counsel a copy of the as-filed notice of removal on November 15, the same day their privilege brief was due and *before* the state court had canceled the November 16 pre-trial conference. ECF No. 21 ¶ 8.  But Turzai did not ask Scarnati to withdraw the notice or otherwise correct its purportedly false representation at that time.  Nor did Turzai inform this Court of his objection. Instead, Turzai's counsel waited until 12:39 p.m. the next day to request that Scarnati withdraw the notice of removal—after the state court canceled its pre-trial conference, after Scarnati and Turzai's deadline to file their privilege brief, after Plaintiffs filed their emergency motion to remand, and after this Court scheduled an emergency remand hearing.  ECF No. 21 ¶ 10 & exhibit thereto.

As if that weren't enough, just yesterday Senator Scarnati's counsel sent Plaintiffs' counsel a letter and sworn affidavit rejecting Turzai's account and accused Turzai's counsel of lying about the issue of the consent to the removal.  *See* Letter from M. Haverstick to R.S. Jones (Nov. 29, 2017) (attached as **Exhibit A**).  According to Scarnati's counsel, "not only did Rep. Turzai's counsel expressly give consent to the filing of the Notice of Removal directly to [Scarnati's state court counsel] on November 13, 2017, . . . the consent was unconditional."  *Id.* Scarnati's counsel further asserted that Turzai's claim that Turzai did not consent to the removal "is, in fact, itself a 'false' allegation."  *Id.*

Plaintiffs do not know who is telling the truth and who is not, but regardless Plaintiffs are entitled to fees and costs because the notice of removal was utterly baseless either way.

**ARGUMENT**

**I.      Plaintiffs Are Entitled to Attorneys' Fees and Costs Under 28 U.S.C. § 1447(c)**

Under 28 U.S.C. § 1447(c), "[a]n order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[3]  In exercising their discretion whether to award fees and costs, courts aim to "deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.  "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*  Here, Scarnati's notice of removal had no objectively reasonable basis in law or in fact.  It was nothing more than a transparent attempt to delay the expedited proceedings in state court and derail the December 11 trial.

**A.      There Was No Objectively Reasonable Basis for Removal**

For three separate and independent reasons, Scarnati had no objectively reasonable basis to remove this case.

**1.      Scarnati Did Not Obtain Consent of All Properly Joined Defendants**

Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  The Third Circuit has affirmed an award of costs under § 1447(c) where the only defect in removal was the failure to obtain consent from all defendants, a "well-established" requirement. *Hammer v. Scott*, No. 04-2243, 2005 WL 1414395 *2 (3d Cir. June 17, 2005).

---

[3] This Court retains jurisdiction to award such fees and costs even though the case has been remanded to state court. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1257-58 (3d Cir. 1996).

Scarnati has now conceded that he lacked the consent of at least one "properly joined" defendant—Speaker Turzai.  In his motion to withdraw the notice of removal, Scarnati rightly acknowledged that Turzai's consent was a prerequisite to removal.  If Turzai's account is correct, "at no point in time" did Turzai consent to this removal.  ECF No. 21.  If Scarnati's view is correct, then perhaps Scarnati should demand that Turzai pay Plaintiffs' fees and costs.  Ex. A. In any event, the statutory consent requirement was not satisfied even under Scarnati's view.

But even if, contrary to Turzai's account, Scarnati did have Turzai's consent at the time of the removal, Scarnati still did not have the consent of all other properly joined defendants. The notice of removal acknowledges that the executive branch defendants—Governor Wolf, Lieutenant Governor Stack, the Acting Secretary of the Commonwealth, or the Commissioner of BCEL—had not consented.  And Scarnati's assertion that he did not need their consent because they are "nominal" defendants, ECF No. 1 at 6, is absurd.

In the removal context, "[a] nominal party is defined as one neither necessary nor indispensable to the suit.  A party is necessary and indispensable to the suit if the plaintiff states a cause of action against the party, and seeks relief from the party."  *Dietz v. Avco Corp.*, 168 F. Supp. 3d 747, 759 (E.D. Pa. 2016).  The Governor is an indispensable party, and this Court need not take Plaintiffs' word for it.  In the state court proceedings in this case, Scarnati himself asserted that "it is clear—and indeed undisputed—that the Governor is both a ***legally and practically indispensable party in this matter*** as his signature would be required to implement the relief sought by [Plaintiffs]."  ECF No. 2-2 at 2 (emphasis added).  Scarnati criticized the Governor's request to be dismissed from the case as "curious," because the Governor "is actually responsible for implementing the relief that [Plaintiffs] seek."  *Id.* at 1.  And then:  "the Governor is indispensable to this Petition, because the nature of the claim and relief sought here require his

direct participation."  *Id.*  And again:  "The simple fact remains that Petitioners cannot possibly achieve their requested relief without direct participation from the Governor."  *Id.* at 2-3.  Once more:  "The Governor is indispensable; his interests here are unique and implicated."  *Id.* at 3.  To remove any conceivable doubt as to his view on this matter, Scarnati declared:  "There could be no clearer example of an indispensable party."  *Id.*

Scarnati's about-face on this issue alone warrants an award of fees and costs.  In *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F. Supp. 366 (E.D. Pa. 1995), this Court awarded fees and costs to defendants under § 1447(c) because one plaintiff's "misleading description" of a co-plaintiff had led defendants to believe removal was appropriate.  *Id.* at 367.  After describing the co-plaintiff as a "nominal defendant" in her state court complaint, she argued in her federal court briefs seeking remand that the co-plaintiff was an indispensable party and therefore removal was improper.  *Id.*  Such conduct, this Court found, was "intolerable" because the plaintiff "changed her position after removal to suit the tactical advantage that she must have seen in remand."  *Id.* at 370.  Likewise, here, Senator Scarnati has reversed his position about the importance of his co-defendant the Governor to gain a tactical advantage at various points in this litigation.[4]

In sum, Senator Scarnati's removal of this case without the consent of any co-defendant other than the General Assembly was objectively unreasonable and warrants a fee award.

### 2.    The Notice of Removal Was Obviously Untimely

If that weren't enough, Scarnati filed the notice of removal *three months* past the 30-day deadline under § 1446(b)(2)(B).  Plaintiffs filed this action in state court on June 15, 2017, and

---

[4] The executive branch defendants also are indispensable parties, including because any injunction or order that requires adjusting election deadlines would have to apply to the Acting Secretary of the Commonwealth and the Commissioner of BCEL who are responsible for the administration of Pennsylvania's elections.  *See* ECF No. 2 at 5.

the parties stipulated to an effective service date of July 14.  Any notice of removal should have been filed within 30 days thereafter—no later than August 13.

To attempt to circumvent this time-bar, Scarnati relied on § 1446(b)(3), which provides that if a case is not removable based on the initial pleading, a defendant may file a notice of removal within 30 days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Scarnati asserted that Governor Wolf's October 23, 2017 Writ of Election scheduling a special election for March 2018 was an "order or other paper" that triggered a new 30-day deadline to remove.  ECF No. 1 at 5-6.

Had Senator Scarnati done any research on this issue, he would quickly have learned that the Writ of Election did not conceivably make this case removable.  As the leading treatise of civil procedure explains, it is well-recognized that "documents not generated within the state litigation generally are not recognized as 'other papers,' receipt of which can start a 30-day removal period under Section 1446(b)."  14C Fed. Prac. & Proc. Juris. § 3731 (4th ed.).  Indeed, this Court has held that the phrase "order or other paper" did not even include a U.S. Supreme Court decision in another case.  *See Pennsylvania v. Tap Pharm. Prods., Inc.*, 415 F. Supp. 2d 516, 526-27 (E.D. Pa. 2005).  If a court document from another case is not an "order or other paper" under § 1446(b)(3), *a fortiori* neither is a document not arising from any judicial proceeding at all.  Other federal courts likewise have held that "order or other paper" includes only documents directly related to the pending case.  *See, e.g.*, *Gibson v. Clean Harbors Env. Servs. Inc.,* 840 F.3d 515, 521 (8th Cir. 2016); *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 78 (1st Cir. 2014); *McCormick v. Excel Corp.*, 413 F. Supp. 2d 967, 971 (E.D. Wis. 2006).  Unsurprisingly, Senator Scarnati did not cite a single case supporting his position.

In general, in considering requests for fees and costs under § 1447(c), district courts have shown little tolerance for legal justifications for removal that "even a minimal amount of research" would have debunked. *Neshaminy Mall v. Sports Favorites, Inc.*, No. 07-4789, 2008 WL 2019126 *2 (E.D. Pa. May 8, 2008). For instance, in *Zawatsky v. Jeddo Stars Athletic Ass'n*, No. 3:17-CV-0621, 2017 WL 4778541 (M.D. Pa. Oct. 23, 2017), the court awarded fees and costs under § 1447(c) where even a "little effort and minimal research" would have revealed that certain deposition testimony did not constitute an "other paper" making the case removable. *Id.* at *6.

The same is true here. Scarnati had no colorable argument or excuse for filing a notice of removal three months after the statutory deadline, and he knew or should have known it.

### 3. This Court Obviously Lacked Subject Matter Jurisdiction

The Third Circuit has affirmed an award of attorneys' fees where "the assertion in the removal petition that the district court had jurisdiction was, if not frivolous, at best insubstantial." *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1261 (3d Cir. 1996). Here, Scarnati's assertion of federal jurisdiction was worse than insubstantial—it was frivolous.

"A defendant may remove a case to federal court only if that court would have had original jurisdiction." *Ali v. DLG Dev. Corp.*, No. CV 17-1537, 2017 WL 4776754, at *4 (E.D. Pa. Oct. 23, 2017). Scarnati's assertion that this Court had federal question jurisdiction under 28 U.S.C. § 1331, *see* ECF No. 1, was nonsense. Plaintiffs assert claims *exclusively* under provisions of the Pennsylvania Constitution, a point Scarnati did not dispute. Because Plaintiffs' state-law claims do not "arise under" federal law, *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986), there was no federal question jurisdiction.

In his notice of appeal, Scarnati argued that the upcoming special election somehow created federal question jurisdiction because the relief Plaintiffs seek raises a "substantial

question of federal law," namely "whether a state court under state law can strike down a Federal congressional district in which a state 'Executive Authority' has, by Federal constitutional writ and federal law, already mandated and set a special election."  ECF No. ¶ 18 (citing U.S. Const. art. I, § 2, and "the United States Code").  That was both factually and legally baseless.

Plaintiffs do not seek any relief with respect to the March 13, 2018 special election, a point that Plaintiffs would have confirmed had Scarnati asked before removing the case. Scarnati's failure even to ask this question of Plaintiffs before removing demonstrates the extent to which the stated basis for removal was utterly pretextual.

But even if Plaintiffs were seeking to affect the March 2018 special election (which they are not), Scarnati's argument would still have been frivolous.  Scarnati claimed that Article I, § 2 of the U.S. Constitution provides a federal *defense* to Plaintiffs' state constitutional claims. Scarnati did not suggest that construing the relevant provisions of the Pennsylvania Constitution would require a court to construe Article I, § 2 or any federal law.  It obviously would not.  "A defense that raises a federal question is inadequate to confer federal jurisdiction."  *Merrell Dow*, 478 U.S. at 808; *see also N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

Scarnati's argument suffered a second fatal flaw:  the purported federal law issue that he identified did not meet the test laid out in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005).  Scarnati conceded that federal law does not *create* any cause of action in this case.  His theory was instead that Plaintiffs' state law causes of action require resolution of a "substantial question of federal law," ECF No. 1 ¶ 18, the category described in *Grable*.  But only a "slim category" of cases qualify for federal jurisdiction under *Grable*, *see Gunn v. Minton*, 568 U.S. 251, 258 (2013), and the claims here do not.  Where

federal law does not create the cause of action, "federal jurisdiction over a state law claim will [only] lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258.

First, no federal claim is "necessarily raised" by this case. That standard requires that the federal question be an "essential element" of the plaintiff's "*claim*," not a hypothetical part of the defendant's *defense*. *Grable*, 545 U.S. at 315 (emphasis added). Second, the issue was not "actually disputed" because, again, Plaintiffs do not seek any relief with respect to the March 2018 special election. Third, the issue Scarnati raised was not "substantial," but rather wholly meritless. Article I, § 2 of the U.S. Constitution states: "When vacancies happen in the Representation from any State, the Executive Authority thereof shall issue Writs of Election to fill such Vacancies." As Scarnati acknowledged, once Governor Wolf issued the Writ of Election, the "mandate of Article I, Section 2 was completed." ECF No. ¶ 16. Nothing in Article I, § 2 plausibly suggests that the U.S. Constitution would bar a change in the timing of that election. Finally, any issue about what Article I, § 2 means in this context is not "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." This action is solely about state constitutional challenges to a state statute.

Indeed, Scarnati himself has repeatedly argued that state law issues are at the forefront of this case, including in a submission to the United States Supreme Court filed a week after Governor Wolf set the special election. Scarnati argued to the U.S. Supreme Court that this Court should stay the pending federal gerrymandering case, *Agre v. Wolf*, in deference to Plaintiffs' state court case, because federal courts "are required to defer adjudication of a redistricting matter that a state legislative or judicial branch is already considering." Pet. for

13

Mandamus at 6-7, No. 17-631 (U.S. Oct. 30, 2017).  Scarnati expressly referenced the special

election as part of his argument that the U.S. Supreme Court should order the *federal court* to

defer to the *state court*:

> In addition, on October 23, 2017, the Governor of Pennsylvania called a
> Special Election to replace U.S. Representative Tim Murphy, who
> resigned effective October 21, 2017. … A rush to action by the District
> Court threatens to impede that ongoing federal election.

*Id.* at 24-25.  In other words, Scarnati told the U.S. Supreme Court that a federal court could not

resolve the question whether the 2011 Plan is unconstitutional—or whether the special election

should go forward—without infringing on state judicial prerogatives.  *Id.* at 6-7.  He could not

then turn around and argue that the same question is "capable of resolution in federal court

without disrupting the federal-state balance approved by Congress."  *Gunn*, 568 U.S. at 258.

In short, Scarnati had no objectively reasonable basis for believing that this Court had

federal question jurisdiction over Plaintiffs' exclusively state law claims.

### B.      The Removal Was Pursued in Bad Faith and Was Prejudicial to Plaintiffs

A party seeking fees and costs under § 1447(c) need not establish that the notice of

removal was filed in bad faith.  *See Mints*, 99 F.3d at 1260; *Shrader v. Legg Mason Wood*

*Walker, Inc.*, 880 F. Supp. 366, 368 (E.D. Pa. 1995).  But in considering a motion for fees and

costs, "[a]n opponent's bad faith may strengthen the position of a party that obtained a remand."

*Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000); *see also HSBC Bank USA, N.A.*

*v. Ruffolo*, No. 15-2891, 2015 WL 9460560, at *4 (D.N.J. Dec. 23, 2015) (awarding fees and

costs where defendants "acted in bad faith to prolong this litigation"); *A Forever Recovery, Inc.*

*v. Township of Pennfield*, 606 F. App'x 279, 284 (6th Cir. 2015) (holding that bad faith motive

alone warrants award under § 1447(c) even where removal had "objectively reasonable basis").

14

Scaranti acted in bad faith in removing this case, transparently seeking to delay this litigation by making contrary arguments to different courts to suit his needs.  In addition to flip-flopping on whether the Governor is a "nominal" or "indispensable" party, Scarnati has talked out of both sides of his mouth on the question of whether this case should proceed in state court.  After insisting in the "emergency" mandamus petition in *Agre v. Wolf* that this Court be ordered to abstain in favor of "the Pennsylvania appellate courts' decision on important questions of Pennsylvania constitutional law," Pet. for Mandamus at 20, Senator Scarnati then removed this case to federal court.  He cannot plausibly argue that state court is the proper forum for "addressing Pennsylvania's [federal] congressional apportionment plan," Pet. for Mandamus at 3, *and* that the federal court is the proper forum for addressing "whether a state court under state law can strike down a Federal congressional district" in which the state has set a special election, ECF No. 1 ¶18.

Scarnati's removal was also prejudicial to Plaintiffs, further justifying an award of fees and costs.  The state court canceled a pre-trial conference set for November 16.  Plaintiffs' counsel spent twelve hours drafting an emergency motion to remand and additional time preparing for and traveling to the emergency hearing in Philadelphia.  Scarnati and Turzai exploited the situation to obtain an extension to file their brief on assertions of privilege, which were originally due on November 15—the day after the removal.  After this Court remanded the case, the state court gave Scarnati and Turzai two additional days—a not insignificant amount of time given the expedited schedule here—to file their brief.  11/16/17 Order ¶ 2 (attached as **Exhibit B**).  The extension further delayed Defendants' responses to a first set of requests for production and interrogatories served on July 14, 2017 and a second set of requests for production served on November 14, 2017.  Further delay was avoided only due to this Court's

prompt action in scheduling an emergency hearing on plaintiffs' remand motion notwithstanding that the Court was then in trial.  Had it not been for the Court's speed in resolving this matter, the December 11 trial in state court might have been derailed.

In granting Plaintiffs' application for extraordinary relief, the Pennsylvania Supreme Court determined that this case "involves issues of immediate public importance" and therefore must "proceed expeditiously forthwith."  ECF No. 1-6 at 67-69.  In these circumstances, an award of attorneys' fees is warranted both to shift the cost of this sideshow to Scarnati and to deter others from engaging in procedural gamesmanship in the future.

### C.    Accounting of Fees and Costs

Courts in this Circuit calculate attorneys' fees using the "lodestar method."  *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995).  Under this method, courts multiply "the number of hours reasonably expended by the reasonable hourly rate."  *Local Union No. 1992 of the Int'l Brotherhood of Elec. Workers v. Okonite Co.*, 358 F.3d 278, 287 (3d Cir. 2004) (internal quotation marks omitted); *see also Regional Emp'rs Assurance Leagues Voluntary Emps. Beneficiary Ass'n Trust v. Castellano*, 164 F. Supp. 3d 705, 713 (E.D. Pa. 2016); *Adolph Coors Co. v. Truck Ins. Exchange*, 383 F. Supp. 2d 93, 95 (D.D.C. 2005) (applying lodestar analysis where court granted plaintiff's motion to remand).

The Court must determine "how many hours were spent, by which attorneys, and in what manner," as well as the value of each attorney's time, which "generally is reflected in his normal billing rate."  *Waldner v. Shulman*, No. 86-7381, 1989 WL 100184, at *3 (E.D. Pa. Aug. 28, 1989).  The following charts, which are supported by the affidavits of R. Stanton Jones and Jennifer Clarke, attached as **Exhibit C** and **D**, show how many hours were spent, by which attorneys, at what normal billing rate.  Detailed breakdowns of the tasks that each attorney performed are attached to those exhibits.

**Arnold & Porter Kaye Scholer LLP**

| Name | Position | Hours | Billing Rate | Total |
|------|----------|-------|--------------|-------|
| Stanton Jones | Partner | 13 | $835 | $10,855 |
| David Gersch | Senior Counsel | 5 | $1,135 | $5,675 |
| John Freedman | Partner | 3.5 | $985 | $3,447.50 |
| Elisabeth Theodore | Associate | 6.5 | $745 | $4,842.50 |
| Daniel Jacobson | Associate | 8 | $695 | $5,560 |
| Sara Murphy | Associate | 21.5 | $445 | $9,567.50 |
| **Grand Total** | | **57.5** | | **$39,947.50** |

**Public Interest Law Center**

| Name | Position | Hours | Billing Rate | Total |
|------|----------|-------|--------------|-------|
| Mary McKenzie | Legal Director | 6.5 | $590 | $3,835 |
| Michael Churchill | Of Counsel | 1.9 | $650 | $1,235 |
| Benjamin Geffen | Staff Attorney | 12.9 | $310 | $3,999 |
| George Donnelly | Staff Attorney | 3 | $200 | $600 |
| **Grand Total** | | **24.3** | | **$9,669** |

Next, the Court must determine whether it was reasonable for the attorneys to spend the number of hours for which fees are claimed on the associated tasks. *See id.* Plaintiffs' counsel devoted 81.8 hours on work directly responsive to Scarnati's removal of the case and in drafting this motion for fees and costs. *See Hernandez v. Kalinowski*, 146 F.3d 196 (3d Cir. 1998). Within twelve hours of learning of the removal, Plaintiffs' counsel had researched, drafted, and filed an emergency motion to remand identified multiple fatal deficiencies in the notice of

removal as well as justifying expedited treatment.  The next day, Plaintiffs' counsel prepared for

and traveled to the emergency hearing in this Court.  All of this was eminently reasonable and

absolutely necessary in this important case.  The Court thus should award Plaintiffs $49,616.50

in attorneys' fees.

As for costs, Westlaw/Lexis charges are routinely passed on to the client.  As such, this

Court should award those reasonable costs as well.  *See Adolph Coors*, 383 F. Supp. 2d at 97.

Plaintiffs incurred $2,185 in Westlaw costs and do not seek reimbursement for printing and

duplication costs.  Plaintiffs' counsel also traveled to Philadelphia for the emergency hearing

before this Court, costing $935.02.  All of this was reasonable, and the Court should award

Plaintiffs a total of $3,120.02 in costs.

## II.      Sanctions Are Warranted Under Rule 11 and the Court's Inherent Authority

This Court can and should award fees and costs under § 1447(c) without any need to

consider other grounds for sanctions.  Nonetheless, as the Court stated at the emergency remand

hearing, the removal statute "specifically incorporates Rule 11."  If the Court reaches the issue,

sanctions are warranted here under both Rule 11 and the Court's inherent authority.

Rule 11 provides that an attorney's signature on a court filing constitutes a certification

that, to the best of his or her knowledge, the filing is "not being presented for any improper

purpose, such as to harass[ or] cause unnecessary delay," that its legal contentions are either

"warranted by existing law" or non-frivolous extensions of the law, and that factual contentions

have evidentiary support.  Fed. R. Civ. P. 11(b).  If a court determines that Rule 11 has been

violated, it may impose an appropriate sanction "on any attorney, law firm, or party that violated

the rule or is responsible for its violation" and may award to the moving party "the reasonable

expenses, including attorney's fees, incurred for the motion."  Fed. R. Civ. P. 11(c)(1) & (2).

Because their primary purpose is to deter abuse of the legal system, Rule 11 sanctions are appropriate when a claim or motion is "patently unmeritorious or frivolous." *Gov't Emps. Ins. Co. v. Nealey*, No. 17-807, 2017 WL 2572519, at *14 (E.D. Pa. June 13, 2017) (quoting *Ario v. Underwriting Members of Syndicate 53 at Lloyd's for 1998 Year Acct.*, 618 F.3d 277, 297 (3d Cir. 2010)). Courts should impose Rule 11 sanctions when an attorney's conduct was objectively unreasonable under the circumstances at the time. *See Wolfington v. Reconstructive Orthopaedic Assocs. II, P.C.*, No. 16-4935, 2017 WL 4349242, at *5 (E.D. Pa. Sept. 29, 2017). "Reasonableness has been defined as an objective knowledge or belief at the time of filing . . . that the claim was well-grounded in law and fact." *Id.* (internal quotation marks omitted). To comply with Rule 11, an attorney must "conduct a reasonable investigation of the facts and a normally competent level of legal research to support the presentation." *Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988) (internal quotation marks omitted). "Separate and apart from Rule 11, federal courts possess inherent authority to sanction a party or attorney" who has acted in bad faith or abused the judicial process. *Nealey*, 2017 WL 2572519, at *14.

Here, sanctions are warranted in the extraordinary circumstances of Scarnati's frivolous—and allegedly dishonest—removal. The notice of removal was not objectively reasonable at the time. Scarnati failed to obtain consent for removal from any defendant other than the General Assembly, he missed the statutory removal deadline by more than three months, and there was obviously no conceivable basis for federal subject matter jurisdiction. Even the slightest research on any of these issues would have revealed that any attempt to remove this case was doomed. Every non-consenting defendant argued in this Court that the removal was improper for the same reasons identified by Plaintiffs. Scarnati's motive to filed the notice of removal were clear as day. He did not remove this case because he believed that doing so was

legally or factually justifiable; he removed the case to delay or derail the expedited proceedings in state court.  This is exactly the kind of gamesmanship that Rule 11 should deter.[5]

## CONCLUSION

The Court should award fees and costs to Plaintiffs in the amount of $52,736.52.  To avoid placing the burden for such fees and costs on Pennsylvania taxpayers, Senator Scarnati and his counsel from Kleinbard LLC should be held jointly and severally liable for the award.  *See Baldus v. Members of the Wis. Gov't Accountability Bd.*, 843 F. Supp. 2d 955, 960 (E.D. Wis. 2017) (ordering legislature's attorneys—"those ultimately responsible for the sandbagging, hide-the-ball trial tactics that continue to be employed"—to pay award of fees and costs).

---

[5] Rule 11(c)(2) ordinarily requires that a Rule 11 motion be served 21 days before filing in order to allow time for the offending party to "withdraw[] or appropriately correct[]" its wrongful act. That procedure does not apply here.  First, Scarnati's wrongful act cannot be "withdrawn or appropriately corrected" now because the case has already been remanded.  The harm has been done by delay to the state court proceeding and unnecessary expenditure of Plaintiffs' time and resources in responding to Scarnati's frivolous notice of removal.  In these circumstances, there would be no reason to afford Scarnati time to cure a harm that is already completed and cannot be reversed.  Second, even if the 21-day service requirement otherwise applied, this Court's November 16, 2017 remand order provided that "[a]ny request for fees or costs should be filed within fourteen (14) days," ECF No. 15—by November 30.  There was not enough time to prepare this motion and serve it on Scarnati 21 days before filing it on November 30, as ordered. In addition, given this Court's statement at the hearing that the removal statute "specifically incorporates Rule 11," Scarnati was sufficiently on notice of a potential Rule 11 motion.

DATED:  November 30, 2017                    Respectfully submitted,

                                             */s/ Mary M. McKenzie*
                                             Mary M. McKenzie
                                             Pa. Bar No. 47434
                                             Michael Churchill
                                             Pa. Bar No. 4661
                                             Benjamin D. Geffen
                                             Pa. Bar No. 310134
                                             PUBLIC INTEREST LAW CENTER
                                             1709 Benjamin Franklin Parkway, 2nd Floor
                                             Philadelphia, PA 190103
                                             (215) 627-7100 (telephone)
                                             (215) 627.3183 (fax)
                                             mmckenzie@pubintlaw.org

                                             David P. Gersch  (admitted *pro hac vice*)
                                             R. Stanton Jones (admitted *pro hac vice*)
                                             Elisabeth S. Theodore (admitted *pro hac vice*)
                                             Daniel Jacobson (admitted *pro hac vice*)
                                             ARNOLD & PORTER KAYE SCHOLER LLP
                                             601 Massachusetts Avenue NW
                                             Washington, DC 20001
                                             (202) 954-5000 (telephone)
                                             (202) 942-5999 (fax)
                                             david.gersch@apks.com

                                             *Counsel for Plaintiffs*