IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS, OF PENNSYLVANIA, et al., | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| THE COMMONWEALTH OF PENNSYLVANIA, et al., | ) ) ) ) |
| Defendants. | ) ) |

No. 2:17-cv-05137-MMB

Honorable Michael M. Baylson

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR FEES AND COSTS**

Mary M. McKenzie
Michael Churchill
Benjamin D. Geffen
PUBLIC INTEREST LAW CENTER
1709 Benjamin Franklin Parkway, 2nd Floor
Philadelphia, PA 190103
(215) 627-7100 (telephone)
(215) 627.3183 (fax)
mmckenzie@pubintlaw.org

David P. Gersch  (admitted *pro hac vice*)
R. Stanton Jones (admitted *pro hac vice*)
Elisabeth S. Theodore (admitted *pro hac vice*)
Daniel F. Jacobson (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 954-5000 (telephone)
(202) 942-5999 (fax)
david.gersch@apks.com

*Counsel for Plaintiff*

**REPLY**

Plaintiffs submit this reply to briefly address the following points from Senator Scarnati's Opposition to Plaintiffs' Motion for Fees and Costs ("Opp'n").

*First*, Scarnati's opposition confirms that his removal petition was entirely without merit. Senator Scarnati offers no reasonable explanation for his failure to obtain the consent of all defendants who were properly joined. Speaker Turzai represented to this Court that "at no point in time did [he] or anyone else acting on [his] behalf . . . consent[] to removal pursuant to 28 U.S.C. § 1441." ECF No. 21 ¶ 14. Scarnati responds to this extraordinary charge in a *footnote*, dismissing the issue as "immaterial" and "little more than a smokescreen." Opp'n at 5 n.1. To be clear, whether Turzai consented to removal is a critical point for Scarnati's assertion that he had an objectively reasonable basis for removal, since Scarnati himself agrees that Turzai's consent was required.

Moreover, regardless of what happened with Speaker Turzai, Senator Scarnati has not offered any objectively reasonable explanation for his failure to obtain the consent of the Executive Defendants. *See* Pls.' Mot. for Fees and Costs 8–11 ("Mot."), ECF No. 24. Scarnati offers no authority to support his view that the Governor of Pennsylvania—the only government official charged with deciding whether to sign a remedial districting plan into law—and the other Executive Defendants are mere "nominal" parties for whom consent is not required. Instead, Scarnati cites obviously distinguishable cases involving nominal parties such as a defunct corporation, *see Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358–59 & n.27 (3d Cir. 2013), an international union with no possible liability in the suit, *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002), and a "recorder of deeds" whose only relation to the case was that she had recorded certain documents at issue, *Busby v. Capital One, N.A.*, 932 F.

Supp. 2d 114, 131 (D.D.C. 2013).  Scarnati cites no authority even remotely suggesting that the Chief Executive of a state is merely a "nominal" defendant with "no real interest in the litigation."  Scarnati's lengthy attempt at explaining how the Governor is simultaneously "indispensable" and "nominal," Opp'n at 5-8, ignores case law holding that for the purposes of removal, a "nominal party is defined as one neither necessary nor indispensable." *Dietz v. Avco Corp.*, 168 F. Supp. 3d 747, 759 (E.D. Pa. 2016); *see also, e.g.*, *Steel Valley Auth. V. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("while nominal . . . parties may be disregarded [in considering remand], indispensable parties may not"); *Ramara, Inc. v. Westfield Ins. Co.*, 2014 WL 12607757 *6 (E.D. Pa. Jan. 2, 2014) ("jurisprudence in our Circuit suggests that a party is not nominal if it is indispensable").

Likewise, Senator Scarnati cites no authority for the proposition that his notice of removal was timely.  *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993), on which Scarnati relies, involved a narrow exception to the general rule that an "order" within the meaning of § 1446(b)(3) means only an order in the state-court litigation.  But Scarnati does not contend that Governor Wolf's Writ of Election was an "order."  He contends that it was an "other paper."  Opp'n at 10-12.  To this day, Scarnati has not cited a single legal authority to support that view.

Finally, even though Article I, § 2 of the Constitution was the entire basis for the purported "federal question" here, Scarnati notably does not dispute that Article I, § 2 is actually irrelevant to the timing of special elections.  Mot. at 13.

*Second*, Scarnati's position on the appropriateness of Plaintiffs' request for attorney fees is without merit.  Scarnati incorrectly asserts that Plaintiffs are not entitled to recover "fees-on-fees" because while such fees are awarded in civil rights cases, this is not a civil rights case.  Opp'n at 17-18.  That distinction is irrelevant.  "No matter what the purpose of an attorney's fee

2

provision . . . the availability of 'fees for fees' is essential to carrying out Congress's goal in including the provision in the first place." *Am. Fed'n of Gov't Emps. v. FLRA*, 994 F.2d 20, 22 (D.C. Cir. 1993). The reason is simple: if a party cannot recover fees-on-fees where, as here, he or she is entitled to statutory attorneys' fees, "the attorney fee to which he or she is entitled to by law is in fact diminished." *Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3d Cir. 1998). This is just as true for prevailing parties seeking fees under the removal statute, 28 U.S.C. § 1447(c), as it is for prevailing parties seeking fees under the civil rights statutes. That is why in "statutory fee cases, federal courts . . . have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008). For these reasons, several courts have awarded fees-on-fees where a party seeks fees under 28 U.S.C. § 1447(c). *See, e.g.*, *MFC Twin Builders LLC v. Farjado*, 2012 WL 3862399, at *8 (E.D. Cal. 2012); *Yazdani v. Access ATM*, 474 F. Supp. 2d 134, 137-38 (D.D.C. 2007); *Albion Pacific Property Resources, LLC v. Seligman*, 329 F. Supp. 2d 1163, 1175 (N.D. Cal. 2004).

The attorney hours Plaintiffs requested are plainly justified. Scarnati's frivolous attempt to remove this case created an emergency that necessitated immediate coordinated efforts of a diligent team of counsel. The removal jeopardized the accelerated schedule that the Pennsylvania Supreme Court put into place specifically to enable the possibility of relief in time for the 2018 primary and general elections. It was perfectly reasonable to have multiple members of the trial team divide the work and collaborate on the emergency motion to remand, and for some of those attorneys to prepare for and attend an emergency hearing.[1] Courts have

---

[1] Plaintiffs are seeking to recover costs for two attorneys, not three, to travel to Philadelphia for the emergency hearing. Mr. Jacobson purchased northbound tickets from Washington, D.C. to Philadelphia for Mr. Gersch and Mr. Jones. *See* Mot. Ex. C at 6.

3

awarded attorneys' fees for the hours necessary for teams of counsel to respond to an "all-hands-on-deck" emergency. *See, e.g.*, *IRAP v. Kelly*, No. 2:17-cv-1761-JLS-AFMx, 2017 WL 3263870 at *6, *9 (C.D.Cal. July 27, 2017) (awarding attorneys' fees for a team of nineteen attorneys working 709.14 hours to file an emergency habeas petition and TRO application and attend a hearing in response to plaintiff family's unlawful detention by Immigration and Customs Officials); *Condon v. Wilson*, No. 2:14-cv-4010-RMG, 2015 WL 12862712 at *5, *7 (D.S.C. Aug. 10, 2015) (awarding fees that included compensation for 68 hours by a team of seven attorneys in resisting emergency stay petitions in a legal challenge to South Carolina's ban on same-sex marriage).[2]

The law clearly provides that Plaintiffs' counsel should be awarded fees at their standard billing rates under the second exception to the "forum rate rule," which applies "when local counsel are unwilling to handle the case." *Interfaith Community Organization v. Honeywell Intern., Inc.*, 426 F.3d 694, 705 (3d Cir. 2005) (citations omitted). Plaintiffs' counsel learned of the removal mid-afternoon on Wednesday and filed the emergency motion to remand within 12 hours. It is obvious that it would have been impossible to secure the services of a local firm to research and brief the remand motion within that time period, much less to do it *pro bono*, like Arnold & Porter. Moreover, the immediate and extraordinary threat posed by the removal left Plaintiffs' counsel with no choice but to immediately respond with available resources.

*Third*, this court should hold Scarnati and his attorneys—not the taxpayers of Pennsylvania—liable for any award of fees and costs as a result of Scarnati's unreasonable

---

[2] Contrary to Scarnati's claims, the reasonable cost of computerized legal research is reimbursable in the Third Circuit. Indeed, in *Wehr v. Burroughs Corp.*, 619 F.2d 276 (3d Cir. 1980), the Third Circuit recognized that "[u]se of computer-aided legal research such as LEXIS, or WESTLAW, or similar systems, is certainly reasonable, if not essential, in contemporary legal practice." *Id*. Accordingly, the court reversed the district court's denial of these costs. *Id*.

4

Notice of Removal. Scarnati does not identify any law that would prevent this Court from holding him, and his attorneys, liable for any fees assessed. *Baldus v. Members of Wisconsin Government Accountability Bd.*, 843 F. Supp. 2d 955 (E.D. Wis. 2012), is directly relevant. In *Baldus*, the defendants stymied a redistricting challenge by filing frivolous motions, changing their positions to capitalize on new opportunities, and "flailing wildly in a desperate attempt to hide from both the Court and the public the true nature of exactly what transpired in the redistricting process." *Baldus*, 843 F. Supp. 2d at 257–59. The *Baldus* court then concluded that it would be unfair for the state's taxpayers to bear the costs of sanctions warranted by counsel's behavior. *Id.* at 960. Scarnati was likewise "flailing wildly" when he removed this case to federal court in a baseless effort to derail the expedited state court proceedings. Given the drastic consequences that result from removal—automatically divesting the state court of jurisdiction—there must be a disincentive to deter such vexatious litigation tactics.

      For these reasons, as well the reasons set forth in Plaintiffs' motion for fees and costs, Plaintiffs respectfully request that this Court award fees and costs to Plaintiffs in the amount of $52,736.52 and hold Senator Scarnati and his counsel from Kleinbard LLC jointly and severally liable for the award.

DATED: December 21, 2017             Respectfully submitted,

 /s/ Mary M. McKenzie
Mary M. McKenzie
Michael Churchill
Benjamin D. Geffen
PUBLIC INTEREST LAW CENTER
1709 Benjamin Franklin Parkway, 2nd Floor
Philadelphia, PA 190103
(215) 627-7100 (telephone)
(215) 627.3183 (fax)
mmckenzie@pubintlaw.org

David P. Gersch  (admitted *pro hac vice*)
R. Stanton Jones (admitted *pro hac vice*)
Elisabeth S. Theodore (admitted *pro hac vice*)
Daniel F. Jacobson (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 954-5000 (telephone)
(202) 942-5999 (fax)
david.gersch@apks.com

*Counsel for Plaintiffs*

6

# CERTIFICATE OF SERVICE

I hereby certify that on this date, December 21, 2017, I caused the foregoing Plaintiffs' Motion for Fees and costs to be filed and served on all counsel of record by operation of the CM/ECF system for the United States District Court for the Eastern District of Pennsylvania. I further certify that simultaneously with this filing via CM/ECF, I served the foregoing Plaintiffs' Emergency Motion to Remand by electronic mail on all counsel of record for all Respondents and Intervenors in the Commonwealth Court case:

**Counsel for Respondent the Pennsylvania General Assembly**
Jonathan F. Bloom
*jbloom@stradley.com*
Karl S. Myers
*kmyers@stradley.com*

**Counsel for Respondent Gov. Thomas W. Wolf**
Linda C. Barrett
*lbarrett@pa.gov*
Sean M. Concannon
*sconcannon@pa.gov*
Thomas P. Howell
*thowell@pa.gov*
Mark A. Aronchick (also representing Respondents Torres & Marks)
*maronchick@hangley.com*
Michele D. Hangley (also representing Respondents Torres & Marks)
*mhangley@hangley.com*
Claudia De Palma (also representing Respondents Torres & Marks)
*cdepalma@hangley.com*

**Counsel for Respondent Lt. Gov. Michael J. Stack III**
Alex M. Lacey
*alacey@cohenlaw.com*
Alice B. Mitinger
*amitinger@cohenlaw.com*
Clifford B. Levine
*clevine@cohenlaw.com*
Lazar M. Palnick
*lazarp@earthlink.net*

**Counsel for Respondent Speaker Michael C. Turzai**
Carolyn Batz McGee
*cmcgee@c-wlaw.com*
Kathleen A. Gallagher
*kgallagher@c-wlaw.com*
Jason Torchinsky (also representing Respondent Scarnati)
*jtorchinsky@hvjt.law*
Shawn Sheehy (also representing Respondent Scarnati)
*ssheehy@hvjt.law*

**Counsel for Respondent Senate President Pro Tempore Joseph B. Scarnati III**
Brian S. Paszamant
*paszamant@blankrome.com*
Jason A. Snyderman
*snyderman@blankrome.com*
John P. Wixted
*jwixted@blankrome.com*
Matthew H. Haverstick
*mhaverstick@kleinbard.com*
Mark E. Seiberling
*mseiberling@kleinbard.com*
Joshua J. Voss
*jvoss@kleinbard.com*

**Counsel for Respondents Secretary Robert Torres & Commissioner Jonathan M. Marks**
Ian B. Everhart
*ieverhart@pa.gov*
Kathleen M. Kotula
*kkotula@pa.gov*
Timothy E. Gates
*tgates@pa.gov*

**Counsel for Intervenor-Respondents Brian McCann** *et al.*
Lawrence J. Tabas
*lawrence.tabas@obermayer.com*
Rebecca L. Warren
*rebecca.warren@obermayer.com*
Timothy J. Ford
*timothy.ford@obermayer.com*


DATED:  December 21, 2017

                                                 /s/ Mary M. McKenzie
                                                 Mary M. McKenzie