IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, et al., <br>     *Plaintiffs*, <br> v. <br><br> THE COMMONWEALTH OF PENNSYLVANIA, et al., <br>     *Defendants*. | No. 17-cv-5137 |

**DEFENDANT SENATOR JOSEPH B. SCARNATI, III'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY ENFORCEMENT OF THE APRIL 13, 2018 ORDER**

Defendant Senator Joseph B. Scarnati, III, In His Official Capacity As Pennsylvania Senate President Pro Tempore ("Senator Scarnati") submits this Memorandum of Law in support of his Motion to Stay Enforcement of the April 13, 2018 Order (doc. 29), pending resolution of his appeal to the Third Circuit Court of Appeals.

**I.     STATEMENT OF FACTS**

This matter concerns an award of attorneys' fees and costs under 28 U.S.C. § 1447(c) in a civil action removed to federal court, which award has now been appealed to the Third Circuit Court of Appeals. *See League of Women Voters of PA, et al. v. Commonwealth of PA, et al.*, No. 18-1838 (3d Cir.). On June 15, 2017, Appellees/Plaintiffs, a group of Pennsylvania voters, filed a Petition for Review in the Commonwealth Court of Pennsylvania, challenging Pennsylvania's 2011 federal congressional map on various state law grounds. In the Petition, the Appellees/Plaintiffs named Senator Scarnati a respondent in his official capacity. On October 11, 2017, Appellees/Plaintiffs filed an application with the Pennsylvania Supreme Court, asking it to assume plenary jurisdiction. The Supreme Court granted that request by Order dated November 9, 2017. In meantime, Governor Thomas Wolf, on October 23, 2017, issued a Writ of Election, setting a special election for March 13, 2018 for the 18th Congressional District. In response to

the Writ, Appellant/Defendant Joseph B. Scarnati, III, In His Official Capacity As Pennsylvania Senate President Pro Tempore removed to the Eastern District of Pennsylvania.

The district court's first electronic notice of the opening of the matter was sent via the CM/ECF system at 3:39 P.M. on November 15, 2017. After various filings, including an emergency motion to remand by Senator Scarnati himself, the district court at 2:55 P.M. on November 16, 2017 entered an order remanding the case back to state court. Thus, the case was "live" in the Eastern District for just under 24 hours. In that period, Appellees/Plaintiffs staffed the case with 10 attorneys who billed in excess of 80 attorney hours, purportedly generating nearly $50,000 in attorneys' fees and $3000 in costs. In turn, they filed a motion for an award of fees and costs, which this Court ultimately granted in part on April 13, 2018 (*see* docs. 28 & 29). In significant part, the Memorandum accompanying the award Order stated as follows about payment of the award: "Under all the circumstances, the Court finds that Senator Scarnati should personally be liable for these fees and costs." *See* Memorandum at 17.

## II.   ARGUMENT

This Court should stay enforcement of the Order pending appeal because, as detailed below, Senator Scarnati satisfies the judicially prescribed criteria for such relief: (1) a reasonable probability of success on the merits; (2) risk of irreparable harm; (3) absence of substantial injury to the other parties; and (4) public interest in favor of a stay. *See In re Revel AC, Inc*., 802 F.3d 558, 568 (3d Cir. 2015) (identifying the standard for analyzing stay requests). Before addressing each of these elements, however, it bears noting that the Third Circuit Court of Appeals has cautioned against a formulaic application of these factors, whereby the strength of each prong is examined separately, without accounting for the relative strength of the corresponding considerations. *See id.* at 568-571. Instead, the court has adopted a "sliding scale approach,"

requiring "a delicate balancing," wherein "no one aspect of the stay analysis will necessarily determine its outcome[.]" *Id.* at 570 (internal citations and quotation marks omitted). At its core this formulation reflects the principle that a stay request must be decided on the basis of equity and an understanding of the broader circumstances. With this in mind, viewing the novelty and significance of the legal issues presently involved, in conjunction with the attendant facts, there can be little doubt that the Order should be stayed pending appellate review.

### A.   Senator Scarnati has a reasonable probability of success on the merits of his appeal challenging the imposition of liability against him in his individual capacity.

Senator Scarnati has a reasonable probability of success on the merits of his appeal and, thus, is entitled to a stay of the Order pending appellate review. Although the precise contours of the appeal have not yet been fully developed, the issue of proper allocation of liability for attorneys' fees where, as here, individuals are sued solely in their official capacity, will almost undoubtedly engender further judicial analysis. This impending clarification also suggests a reasonable probability that the Order will be modified in accordance with such dictates. Although that particular issue appears to be one of first impression, as intimated by this Court, substantial analogous authority is in tension with this Court's decision to hold Senator Scarnati personally liable for fees and costs in this action. Specifically, in the context of Section 1983 actions, 42 U.S.C. § 1983, the U.S. Supreme Court as well as the Third Circuit Court of Appeals have held that governmental official sued in their official capacities ordinarily may not be held personally liable for attorneys' fees stemming from that action. *See Hutto v. Finney*, 437 U.S. 678, 700 (1978) ("[L]egislative history makes it clear that in such suits attorney's fee awards should generally be obtained either directly from the official, in his official capacity, from funds of his agency or under his control, or from the State or local government (whether or not the

agency or government is a named party)."); *Skehan v. Bd. of Trustees of Bloomsburg State Coll.*, 590 F.2d 470, 495 (3d Cir. 1978) (applying the U.S. Supreme Court's decision in *Hutto*).[1]

In terms of the underlying rationale, a common thread running through these decisions is that an "official-capacity" action "is *not* a suit against the official personally, for the real party in interest is the entity[,]" and, indeed, such an action is "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis in original); *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978) (explaining that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). Even more fundamentally, the Supreme Court has explained that given the unique nature of such actions, collapsing the distinction between the individual, and the official capacity in which he is sued, is tantamount to permitting recovery against a non-party. *See Graham*, 473 U.S. at 168 ("That a plaintiff has prevailed against one party does not entitle him to fees from another party, let alone from a nonparty. Yet that would be the result were we to hold that fees can be recovered from a governmental entity following victory in a personal-capacity action against government officials."). In sum, the thrust of the Supreme Court's reasoning is that "liability on the merits

---

[1] Notably, this concept has also been discussed and adopted in other circumstances, outside of the Section 1983 context. *See Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (relying on *Graham* to hold that a party sued "in his official capacity is [not] in privity with himself in his individual capacity" for purposes of *res judicata* based on the distinction drawn in *Graham*); *U.S. ex rel. Burlbaw v. Regents of New Mexico State Univ.*, 324 F. Supp. 2d 1209, 1217 (D.N.M. 2004) (noting that "[t]he individual-capacity lawsuit and the attendant qualified-immunity doctrine are not limited to § 1983 cases, but have been applied in numerous cases addressing alleged violations of various federal statutes" and collecting various authorities in support of that proposition) (citing *Cornforth v. Univ. of Oklahoma*, 263 F.3d 1129, 1132–33 (10th Cir. 2001)); *Tapley v. Collins*, 211 F.3d 1210, 1215 (11th Cir. 2000); *Torcasio v. Murray*, 57 F.3d 1340 (4th Cir.1995); *United States ex rel. Adrian v. Regents of the University of California*, 363 F.3d 298, 402 (5th Cir. 2004).

and responsibility for fees go hand in hand[,]" and that "the party legally responsible for relief on the merits[,]" is also the party responsible for fees. *Id.*

Examining the foregoing against the backdrop of the Third Circuit's directive that to establish a likelihood of success on the merits, a party's prospect of winning on appeal need not be "more likely than not" – *i.e.* over 50% – there can be little doubt that the principal legal issue implicated by Senator Scarnati's appeal warrants a stay. *Singer Mgmt. Consultants, Inc. v. Milgram,* 650 F.3d 223, 229 (3d Cir. 2011); *see also In re Revel AC, Inc.*, 802 F.3d at 568 (describing the standard as "significantly better than negligible but not greater than 50%"). Significantly, Senator Scarnati has never been involved in this – or, for that matter, any other action related to the subject of congressional redistricting – in his personal capacity. Moreover, because he was not "legally responsible for relief on the merits" of the claim in his personal capacity, the Order appears to contravene Supreme Court precedent. *See Graham*, 473 U.S. at 168. While this Court may differ from Senator Scarnati's interpretation of the above-referenced precedent – and, thus, on balance, may find the claim unsustainable – its inquiry need not extend into the ultimate assessment of the merits. *See Singer Mgmt. Consultants, Inc.*, 650 F.3d at 229 ("[A] court's finding of reasonable probability of success on the merits is not a resolution of any merit-based issue.").

      **B.**    **In the absence of a stay, the due process rights of Joe Scarnati, in his personal capacity, will be violated and, thus, he will suffer irreparable harm.**

Because Senator Scarnati was not a party in his personal capacity to any of the underlying proceedings, the Order entered against him in that capacity violates his due process right and, thus, constitutes irreparable harm. *See Indep. Pub. Media of Philadelphia, Inc. v. Pennsylvania Pub. Television Network Comm'n*, 813 F. Supp. 335, 343 n.7 (E.D. Pa. 1993) ("[A] violation of a litigant's constitutional rights is irreparable harm *per se*; thus a specific finding of

irreparable harm would seem unnecessary."). As previously noted, Senator Scarnati was a party in the action solely in his official capacity and has not been involved in the present litigation in his individual capacity at any point. Moreover, as evidenced by the Supreme Court's repeated efforts to delineate the confines of official and personal liability, it is clear that the distinction is not mere formalism, but rather, raises core questions of fairness. *See Hutto v. Finney*, 437 U.S. 678, 699 n.32 (1978) ("This is manifestly unfair when, as here, the individual officers have no personal interest in the conduct of the State's litigation, and it defies this Court's insistence in a related context that imposing personal liability in the absence of bad faith may cause state officers to exercise their discretion with undue timidity." (internal quotation marks and citations omitted)). Generally, before a court may award attorneys' fees, or otherwise sanction a party, it must provide notice of the pendency of the action so as to afford an opportunity to respond, and failure to do so violates due process. *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 249 (3d Cir. 2014) ("Due process requires that the party against whom sanctions might be imposed receive notice that sanctions are being considered.").

Here, Senator Scarnati was not put on notice that sanctions were being considered against him in his individual capacity, as Plaintiffs' request for attorneys' fees was directed at Senator Scarnati in his role as the Senate President Pro Tempore. Similarly, the Court did not indicate at any point prior to entering the Order that Senator Scarnati may be personally liable for attorneys' fees incurred by him solely in the exercise of his duties as an officer of the State Senate. In the absence of even a minimal opportunity to respond, the Order violates his due process protections and, thus, its enforcement will result in irreparable harm.

    **C.**    **Plaintiffs will not be harmed by a stay pending appeal.**

The potential harm to Plaintiffs from a stay is, at best, *de minimis* and, thus, should not forestall a stay. A stay will not deprive them of any significant constitutional rights and, even if

the appellate court ultimately rules that Plaintiffs are entitled to the fees requested, the delay in receiving payment is unlikely to cause any appreciable harm in light of their considerable financial resources. Indeed, whatever minimal financial hardship Plaintiffs may assert is eclipsed by the significant burden imposed on Senator Scarnati, who has suddenly been held personally liable for attorneys' fees related to an action in which he had no individual interest and no claims were asserted against him individually.

> D. **Because deferring final enforcement would facilitate an orderly administration of justice pending appellate resolution of the present matter, the public interest favors a stay.**

The decisions of the Supreme Court demonstrate that the scope of a public official's personal liability is a matter of immense public import,[2] and presents questions of constitutional dimensions.[3] The public interest, therefore, is best served by staying enforcement of the Order pending appellate review, so as to permit a resolution of this issue based on judicial consideration of fully developed briefing sharply focused on this discrete issue. Moreover, the due process infringements that could irreparably harm Senator Scarnati, are also important in evaluating the public interest, because "[i]n the absence of legitimate, countervailing concerns, the public interest clearly favors the protection of constitutional rights[.]" *Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 883–84 (3d Cir. 1997).

---

[2] *See, e.g.*, *Owen v. City of Indep., Mo.*, 445 U.S. 622, 653 n.37 (1980) (noting that "this Court has expressly recognized that different considerations come into play when governmental rather than personal liability is threatened[,]" and concluding that "imposing personal liability on public officials could have an undue chilling effect on the exercise of their decision-making responsibilities, but that no such pernicious consequences were likely to flow from the possibility of a recovery from public funds").

[3] *See Skehan,* 590 F.2d at 495 (noting that failure to properly distinguish between a party's personal and official capacity may also implicate constitutional concerns under the Eleventh Amendment).

7

### III. CONCLUSION

For the foregoing reasons, Senator Scarnati requests that the Court grant the Motion to Stay and enter an order restraining enforcement of the April 13, 2018 Order (doc. 29) pending disposition of Senator Scarnati's appeal.

                    Respectfully submitted,

                    s/ Matthew H. Haverstick
                    Matthew H. Haverstick (No. 85072)
                    KLEINBARD LLC
                    One Liberty Place, 46th Floor
                    1650 Market Street
                    Philadelphia, PA 19103
                    Ph: (215) 568-2000
                    Fax: (215) 568-0140
                    *Attorney for Sen. Joseph B. Scarnati, III*

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing Memorandum of Law to be served on counsel via the Court's CM/ECF system.

s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
KLEINBARD LLC
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
*Attorney for Sen. Joseph B. Scarnati, III*
